The judgment of the court was pronounced by
Eustis, C. J.
This is an action brought by the plaintiff to recover from the defendant, Patrick Irwin, a slave named Sam, and for the value of the services of the slave from the time of judicial demand. There was judgment in the court below for the plaintiff, and the defendant has appealed. The case has already been before this court, and was reported in 4th Ann. 277, and was remanded for the admission of certain testimony, and was tried before a jury, who found a verdict for the plaintiff. A new trial was granted for a cause, independent of the merits of the case, between the plaintiff and defendant. *530 The cause was again submitted to the court, which rendered a judgment from which this appeal was taken. It appears, that in 1843, P. if. Delane took the slave from the possession of the plaintiff, without the consent of the latter, and ran him off from Alabama, where the plaintiff resided, to this city, where he was sold at auction, and purchased by the defendant, Irwin. Delane was charged by the plaintiff with stealing this slave ; the grand jury of Tuscaloosa county found a bill against him for the larceny of this slave. On the trial, Delane was acquitted. We have always discountenanced the practice, upon which we have been frequently called to act, of bringing slaves to this State for the purpose of defeating the rights of propei-ty in them, existing under the laws of the State from which they are taken ; and in the present case, we shall consider the rights of the plaintiff, and of the defendant, who stands in the shoes of Delane to the slave in question, under the laws of Alabama, as we have been enabled to understand them. The slave was born in the possession of the plaintiff’s vendor, A. P. Bagby, of Alabama, who came into possession of the mother, some time in 1821. The possession of the plaintiff’s vendor and his own, exceed the term of twenty years, including that of the mother and the son. We understand, that by the laws of Alabama, slaves are personal property, and that they may be transferred like any other personal property, by delivery, and that the actions at law, by which a slave can be recovered by his owners, are barred by the term of six years. The defendant sets up the minority of Delane during the time of the adverse possession of the slave. This fact, if established, would, undoubtedly, suspend the operations of the statute of limitations of Alabama. It is incumbent on the defendant to establish this fact affirmatively. This has not been done, and it does not appear that the minority of Delane extended to any portion of the six years preceding the date of the inveiglement, and wrongful taking possession of the slave by him in 1843. We understand that the possession of the slave for a sufficient time to bar all actions for his recovery, as constituting a title, under the jurisprudence of Alabama. In the State of Kentucky, in which we have decisions, under a statute of limitations" similar to that of Alabama, we find it is held, where a party has been a possessor of slaves for five years, he becomes thereby vested in virtue of the statute of limitations, with such a right as to enable him to recover them of their former proprietor, who may since have obtained possession. Stanley v. Hart, 5th Littel Reports, 281. Thompson v. Caldwell, 3d Lit. Rep., 136. Cooke v. Wilson, Littel, Selected cases, 436.
From the best judgment, therefore, we can form of a jurisprudence which is not our own, and with which we do not profess to be familiar-, the slave, under the laws of Alabama, would be the property of the plaintiff We must not be understood as recognizing, in any manner the title of Delane to the slave at any time, as we have seen he was born in the possession of Bagby. The plaintiff claims title in the slave, by virtue of his heirship to his deceased mother, (who was the owner of the slave Daphne, the mother of the slave in dispute,) under a certain marriage contract made in the State of South Carolina, in 1816, between her and John Yancey, her husband. This marriage contract was not recorded in the State of Alabama, to which the parties afterwards removed, nor does it appear to have been properly recorded, under the laws of South Carolina, or that the title in the slaves, which, we observe, are movable properly by the laws of South Carolina and Alabama, can be maintained against a third person in possession, under the circumstances of this case. It is a principle of the *531 civil law, that there are no presumptions in favor of a spoliator, and we find no ground on which the judgment of the district court can be reversed. It is therefore affirmed, with costs.